UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT ALAN THATCHER,

        Petitioner,

v.                                                          Case No. 2:04-cv-152
                                                                HON. RICHARD ALAN ENSLEN

JERI-ANN SHERRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Scott Alan Thatcher filed this petition for writ of habeas corpus challenging the validity of his state court convictions for first-degree home invasion and two counts of first-degree criminal sexual conduct. Petitioner was convicted of breaking into the home of his ex-girlfriend's parents and raping his ex-girlfriend in front of their two year old daughter. Petitioner was convicted on October 3, 2001, following a bench trial and was given two consecutive sentences of 100 to 240 months incarceration and 200 to 400 months incarceration. Petitioner's appeal to the Michigan Court of Appeals was denied on July 10, 2003. In addition, the Michigan Supreme Court denied petitioner leave to appeal on January 27, 2004. It is petitioner's contention that he was convicted based upon a conspiracy between the prosecutor's office, the victim, and her parents to cover-up welfare fraud committed by the victim and her mother.

        At the conclusion of the bench trial, Judge Lawrence M. Glazer explained his guilty verdict making these factual findings:

> The victim, Ms. Beasley, testified that she was awakened by the Defendant entering her room and placing red duct tape on her mouth, and that he then bound her hands or wrists together with the same duct tape, and that he then sexually penetrated her from behind in

front of their two and a half year old daughter in her bed. That after an interval he did that same thing again. That he raped her once from behind and once from the front.

According to her testimony, he surprised her in her sleep and overpowered her and bound her before he raped her. This would constitute force and coercion, an element of the CSC which is charged.

We have in evidence red duct tape that was taken from her wrists by the police and red duct tape that was found on a basement window which had a hold in it.

As additional evidence of this rape, vaginal swabs were taken from the complaining witness' vaginal area shortly after the incident. Those vaginal swabs contained mixed human material which was found to consist of her DNA and the DNA of the Defendant, although there is one chance in seven billion that it could be the DNA of some other white male.

Doctor Hines found abrasions and tears in the vagina of Ms. Beasley. This is consistent with forced, non-consensual sex. It is inconsistent with consensual sex, and it constitutes a physical injury.

I, therefore, find that there is overwhelming evidence that the Defendant did commit these two criminal sexual conduct acts as charged on the day and the place charged.

Whoever used the red duct tape to behind [sic] the victim also used red duct tape to tape over a basement window, probably to keep the noise down while punching a hole in that window. I think it's fair to infer that that same person then kicked in the dryer vent on another basement window and gained entry that way.

The victim's father testified that all doors and windows were closed and that the doors were locked. All adult residents of that household testified that the Defendant did not have their permission to enter. The evidence, therefore, proves beyond a reasonable doubt that the Defendant is the one who broke in probably through the basement window, and he did so with the intent to do what he, in fact, did do, which is to rape Ms. Beasley.

I find that all of this took place as charged on July 17th, 2000, at 3906 Wainwright in the City of Lansing in Ingham County, and I find the Defendant guilty on all three counts.

\* \* \*

> And I note that the Defendant did not actually quite deny having done this but simply stated that he did not remember having done it and did not think that he would do it. But I think the evidence is overwhelming that he did do it.

Petitioner maintains that his convictions were obtained in violation of his federal rights. There are five remaining claims:

    I.    Ineffective assistance of trial counsel

    II.    Prosecutorial misconduct

    III.    Insufficiency of the evidence

    IV.    Improper introduction of dubious DNA evidence

    V.    Violation of his right to a speedy trial

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that his counsel was ineffective for failing to obtain a copy of the DNA test results and failing to challenge the results, for failing to impeach the victim's testimony, for failing to challenge prosecutorial misconduct and for failing to assert a speedy trial violation. The Michigan Court of Appeals rejected these claims explaining:

> Because the victim in this case knew her attacker, we conclude that there is no reasonable probability that earlier discovery of the DNA test results would have led to any new evidence. Similarly, while defendant faults trial counsel for failing to attempt to locate an expert DNA witness, defendant has not shown even a reasonable probability that the incriminating DNA evidence could have been undermined. Therefore, defendant has not established a claim of ineffective assistance of counsel.
>
> Defendant claims trial counsel was ineffective for failing to secure him a speedy trial. However, he does not explain how trial counsel was allegedly responsible for any inappropriate delay in bringing defendant to trial. Thus, defendant has not established that counsel's performance was below an objective standard of reasonableness in this regard. *Kevorkian, supra*. Defendant also states that trial counsel

- 5 -

failed to adequately brief and argue his assertion of his right to a speedy trial. We disagree for reasons set forth in this opinion.

Defendant further argues that trial counsel was ineffective in (1) failing to adequately impeach the testimony of the complainant and her father based on discrepancies in their testimony, (2) advising defendant to waive a jury trial, (3) failing to locate and call certain alleged alibi and character witnesses, and (4) failing to request the trial court to examine the alleged crime scene. We disagree because we conclude that there is no reasonable probability that counsel's alleged deficient performance affected the outcome of the trial in light of the overwhelming evidence of defendant's guilt. With regard to the CSC I convictions, the complainant testified that defendant awakened and sexually assaulted her while she was in bed. DNA testing corroborated this by indicating that defendant was the source of the genetic material recovered from a vaginal swab of the complainant. Evidence presented from a doctor that abrasions in the complainant's genital area evinced forcible penetration and were inconsistent with consensual sex. As to defendant's home invasion conviction, a police officer testified seeing a broken window at the residence where the incident occurred and the complainant's parents testified that they had closed and locked the doors to the house when they left for work on the morning of the incident. In light of this overwhelming evidence of guilt, defendant has not shown a reasonable probability that different conduct by trial counsel with regard to examining or calling witnesses or asking the trial court to view the scene of the incident would have changed the outcome of the trial, or that the outcome would have been different if the case had been tried before a jury.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

It is clear that petitioner received effective assistance of counsel in the face of overwhelming evidence against him. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts prosecutorial misconduct for being prevented from viewing the crime scene, based upon the improper use of his confession to a jail house snitch and through the withholding of DNA evidence. The Michigan Court of Appeals rejected plaintiff's prosecutorial misconduct claims stating:

> Defendant argues at greater length that the prosecution violated his constitutional right of confrontation by cross-examining him regarding a confession that he allegedly made to a fellow jail inmate, when no actual evidence of the alleged statements was presented at trial. The prosecution concedes that this questioning was improper, but argues that defendant is not entitled to relief under the standard for unpreserved, nonstructural constitutional error. While we question the necessity of this line of questioning given the overwhelming evidence presented against the defendant we hold that because defendant did not object to the questioning at issue, this is an unpreserved matter for which this Court may grant relief only for plain error that resulted in the conviction of an actually innocent defendant or that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *People v. Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). In light of the overwhelming evidence of guilt, defendant has not shown that any error with regard to the questioning at issue warrants relief under the *Carines* standard. We note that, even if this matter had been preserved by objection, we would still conclude that the error was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt. *See People v. Spinks*, 206 Mich App 488, 493-494; 522 NW2d 875 (1994) (denying relief based on violation of right of confrontation where error was harmless beyond a reasonable doubt.)

* * *

> Defendant argues that the prosecution committed a discovery violation by failing to timely provide the defense with the results of the incriminating DNA testing. However, this issue was not raised below and the existing record does not substantiate defendant's claims regarding the dates when information was provided to the defense. Thus, there is no plain effort that can form the basis for relief based on this unpreserved issue. *Carines, supra*. Further, in light of the overwhelming evidence of guilt, any error in this regard does not provide a basis for relief because defendant has not shown that it resulted in the conviction of an actually innocent defendant or

>that it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*.
>
>Defendant also indicates that trial counsel was ineffective for failing to raise this issue below, but the existing record does not provide any evidence to support such a claim. *Watkins, supra*. Thus, defendant is not entitled to relief based on this issue.

Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

Petitioner has failed to show that his constitutional rights were violated by the prosecutor. Most importantly, petitioner has failed to show that the Michigan Court of Appeals' decision was based upon an unreasonable application of United States Supreme Court precedent or based upon an unreasonable interpretation of the facts as presented in the state courts.

Contrary to petitioner's assertion, there existed sufficient evidence to convict him of the crimes. The Michigan Court of Appeals rejected this claim. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that

petitioner committed the crime. The victim testified that petitioner twice raped her while her hands and mouth were bound with duct tape. There was ample evidence presented at trial that petitioner broke into the home to commit the rape. The evidence presented at trial against petitioner was clearly overwhelming. In the opinion of the undersigned, the Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that the DNA evidence was improperly admitted against him at trial. Petitioner asserts that the evidence was deliberately withheld from him, and that the witness only testified generally about the DNA evidence. In general, the admissibility of evidence "is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court

will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. Petitioner has simply not established that the admission of DNA evidence at trial violated his due process rights. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that his speedy trial rights were violated in the state court. Four factors must be balanced to determine whether a delay is unconstitutional: length of delay, reason for the delay, criminal defendant's assertion of the right to a speedy trial, and prejudice resulting from the delay. *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999). The Michigan Court of Appeals explained why this issue lacks merit:

> With regard to defendant's speedy trial claim, the time period between the date of the charged crimes and the trial was less than eighteen months. Thus, the burden is on defendant to show actual prejudice from the delay in order to establish a violation of his constitutional right to a speedy trial. *People v. Holtzer*, 255 Mich App 478, 492; 660 NW2d 405 (2003). Defendant articulates as his claim of prejudice "the fact that the delay by the prosecution in producing the DNA evidence and the production of its expert's report, denied the Defendant or his Counsel any reasonable time to prepare for his defense." However, any delay in bringing defendant

> to trial obviously did not require a delay with regard to the distinct matter of when the prosecution provided the defense with information about the DNA evidence. Further, there is no reasonable possibility that the delay could have significantly prejudiced the defense at trial in light of the overwhelming evidence of defendant's guilt. Accordingly, defendant's constitutional right to a speedy trial was not violated.

It is clear that petitioner's speedy trial rights were not violated. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner has failed to show that he received ineffective assistance of counsel, that the prosecutor committed constitutional misconduct, that evidence was improperly admitted, or his speedy trial rights were violated. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated:   September 4, 2007