UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————

SCOTT ALAN THATCHER,

        Petitioner,

                                        Case No. 2:04-CV-152

v.

                                        Hon. Richard Alan Enslen

JERI-ANN SHERRY,

        Respondent.
                                          **FINAL ORDER**

_____/

        This matter is before the Court on Petitioner Scott Alan Thatcher's Objection to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of September 4, 2007. This Court now reviews the Report, the Objection and all pertinent parts of the record *de novo*. *See* 28 U.S.C. § 636(b)(1)(B).

        Upon such review, the Court finds that the Report should be adopted and the Objection denied for the reasons previously given with the following corrections and additional analysis.[1]

        Apart from those formal corrections, some additional comments are pertinent to the arguments made in Petitioner's Objection. Petitioner argues in part that the Magistrate Judge improperly denied him an evidentiary hearing concerning the issues raised in the habeas petition, including defense

---

[1] It is noted that on page two, line three of the second full paragraph of the Report, the Magistrate Judge misquoted the word "hole" as "hold." (*See* Trial Tr., vol. II, at 267-79.) Additionally, the Report failed to contain appropriate citations to the sources of the quoted materials. The four missed citations are listed below. 1. At page three, end of trial court verdict quotation, insert "(Trial Tr., vol. II, 267-79.)." 2. At page six, end of Michigan Court of Appeals' quotation, insert "*People v. Thatcher*, no. 239373, slip op. at 2-3 (Mich. Ct. App. July 10, 2003)." 3. At page nine, end of Michigan Court of Appeals' quotation, insert "*People v. Thatcher*, no. 239373, slip op. at 3-5." 4. At page twelve, end of Michigan Court of Appeals' quotation, insert "*People v. Thatcher*, no. 239373, slip op. at 6."

counsel's treatment of DNA evidence.  This argument is mistaken given the limitations expressed in 28 U.S.C. § 2254(e)(2).  The United States Supreme Court recently explained that, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan,* 127 S. Ct. 1933, 1940 (U.S. 2007); *see also Getsy v. Mitchell*, 495 F.3d 295, 310-11 (6th Cir. 2007) (holding that factual allegations were insufficient to warrant an evidentiary hearing).  Petitioner's argument for such an evidentiary hearing, however, does not refer to factual allegations made in the Petition which would prove his entitlement to relief; rather, it simply requests discovery in hopes of developing future allegations.  This is insufficient to meet the section 2254(e)(2) requirements for an evidentiary hearing.

Petitioner has also objected to the Magistrate Judge's adoption of the state court judge's characterization (during a bench trial) of the evidence against him as "overwhelming."  (Report at 3, quoting Trial Tr., vol. II, 269.)  Part of this objection is based on the fact that two latent fingerprints on red duct tape which he used to bind the victim (his ex-girlfriend, who identified him as the rapist and intruder) and mark an access window did not match his prints.  However, this non-match was explained by the prosecution's fingerprint expert as not excluding Petitioner from having handled the tape.  (Trial Tr., vol. II, 239-41.)  Likewise, Petitioner has characterized in his Objection the trial evidence concerning the access basement window as indicating his innocence.  Those mere characterizations contradict the evidence which was actually received during trial.  The trial evidence included the testimony of the victim's father (one of the homeowners) that the residence was locked at the time of the intrusion, that after the intrusion a broken window pane was discovered with an adjoining pane marked with the red duct tape (not by the homeowners), and that the broken window

pane was large enough to allow Petitioner's access (the father being familiar with Petitioner's size at the time of the incident).  (*Id.* at 125-26, 130-34.)  Given the absence of allegations in the Petition that could provide any "clear and convincing evidence" that the evidence of Petitioner's guilt was other than "overwhelming," the District Court must apply the presumption of correctness to this and the other conclusions of the trial court.   *See* 28 U.S.C. § 2254(e)(1); *Getsy*, *supra*.   Given the overwhelming evidence of Petitioner's guilt, it is apparent that his ineffective assistance of counsel arguments must fail–namely, he cannot show on the present record that any supposed failure of defense counsel resulted in prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).   None of Petitioner's grounds for relief meet the requirements of 28 U.S.C. § 2254(d) as explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000), for the reasons given here and in the Report.

For those reasons, the Magistrate Judge also properly concluded both that this suit should be dismissed with prejudice and that a certificate of appealability should be denied as to all grounds asserted.  An appeal would not be "reasonably debatable" among informed jurists, nor adequate to "deserve encouragement."  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Objection (Dkt. No. 47) is **DENIED**, the Report and Recommendation (Dkt. No. 46) is **ADOPTED as modified herein**, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, and a  certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:
    September 27, 2007

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

3